IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sintari A. Summers, #18498, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Sheriff Jason Booth; Administrator )<br>Janice Ergle; Nurse BrendaWilliams; )<br>and Assistant Administrator Virginia )<br>Burton, )<br>)<br>)<br>    Defendants. )<br>_____ ) | C/A No. 0:08-0027-TLW-PJG<br><br>**REPORT AND RECOMMENDATION** |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the motion (Docket Entry 33) of Defendant Brenda Williams to dismiss the plaintiff's claims against her. The plaintiff, Sintari Summers ("Summers"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants violated his constitutional rights. With regard to Defendant Williams, Summers's Amended Complaint (Docket Entry 15) alleges: (1) that Williams is charging him 25¢ for non-prescription medications such as Tylenol, which he claims should be provided at no charge; and (2) that Williams dispenses non-prescription medications only twice a day, at 6:00 a.m. and 6:00 p.m., rather than on an as-needed basis. (Compl. ¶ 3) (Docket Entry 15 at 5).

## PROCEDURAL HISTORY

Defendant Brenda Williams filed a motion to dismiss on May 7, 2008. (Docket Entry 33.) By order of this court filed May 8, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Summers was advised of the dismissal procedures and the possible consequences if he failed



to respond adequately. (Docket Entry 34.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Summers failed to respond to the motion to dismiss. As Summers is proceeding *pro se*, the court filed a second order on June 18, 2008, advising Summers that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving him an additional twenty (20) days in which to file his response to the defendant's motion to dismiss. (Docket Entry 40.) On July 2, 2008, Summers filed a motion for an extension of time to respond to the defendant's motion to dismiss. (Docket Entry 42.) The court granted Summers's motion for extension in its order dated July 9, 2008. (Docket Entry 43.) Summers filed his response in opposition to the defendant's motion to dismiss on August 11, 2008. (Docket Entry 45.)

## DISCUSSION

Williams contends in her motion that Summers's claims against her should be dismissed because he has failed to comply with the procedural requirements under South Carolina law to file a medical malpractice claim, such as filing a Notice of Intent to File Suit and an affidavit of an expert medical witness. See S.C. Code Ann. § 15-79-125. However, even assuming these statutory requirements apply to the claims Summers has raised against Williams, the court cannot say, based upon the face of the complaint, that the facts alleged in the complaint and inferences reasonably deducible therefrom do not entitle Summers to relief on any theory of the case. See Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002) (stating that a court must not dismiss a civil rights complaint "unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged") (quoting Harrison v. U.S. Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988)). Based on the complaint alone, it does not appear that Summers is alleging medical negligence against Williams; rather, his medical complaints seem to



be directed toward prison policies requiring him to pay for non-prescription medications and limiting the frequency with which they are administered. Moreover, his complaint that medicines are administered only twice a day appears to be grounded upon allegations that the defendants are violating his Eighth Amendment right to be free from cruel and unusual punishment, not a state law medical malpractice claim to which § 15-79-125 might apply.

## RECOMMENDATION

Accordingly, the court recommends that Defendant Williams's motion to dismiss (Docket Entry 33) be denied.

*Paige J. Gossett*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 9, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).